IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Jonathan Emden,<br><br>    Petitioner,<br><br>v.<br><br>Steve Waugh, et al.,<br><br>    Respondents. | No. CV-14-1301-PHX-DJH<br><br>**ORDER** |

  This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 (Doc. 7) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge John Z. Boyle (Doc. 18). On July 13, 2011, Petitioner pled guilty in Yavapai County Superior Court, pursuant to a plea agreement, to one count of aggravated assault pursuant to domestic violence, one count of driving under the influence, and one count of disorderly conduct pursuant to domestic violence. (Doc. 18 at 3). At the same hearing, the trial court sentenced Petitioner to three years of supervised probation, the terms of which included incarceration in the Yavapai County jail. (*Id.*). Petitioner subsequently violated the term of his probation that prohibited him from consuming alcohol, admitting that he did so repeatedly. (Doc. 18 at 4). At the disposition hearing on May 20, 2013, the trial court revoked probation on all three counts and imposed a total sentence of 30 months in prison. (Doc. 18 at 4).

1 Petitioner raised two claims for relief in the Petition, alleging that the sentences imposed by the trial court after revoking his probation violated the Double Jeopardy Clause, and claiming the sentences should have run concurrently rather than consecutively. (Doc. 18 at 6). On March 2, 2015, Petitioner filed a notice of change of address indicating that he had been released from custody. (Doc. 18 at 7). The address he provided is a Post Office box in Lake Havasu City, Arizona. (*Id.*).

After full consideration and analysis of the issues, Judge Boyle concluded that the Petition is moot because Petitioner has already received the only relief he was seeking, release from custody. (Doc. 18 at 8). Accordingly, Judge Boyle recommends the Petition be denied and dismissed with prejudice. (*Id.*).

Judge Boyle advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the district court without further review." (Doc. 18 at 9) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). The parties have not filed objections and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 18) is **accepted** and

**adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 15th day of September, 2015.

Honorable Diane J. Humetewa
United States District Judge